### No. 238
### STERLING COAL CO. v. MIX
No. 18888. Supreme Court.

Motion to direct Cuyahoga Appeals to certify. Dock Jan. 2, 1925. 3 Abs. 18.

**327. COURTS—May Appeals pass on alleged moot questions?—Is it incumbent upon this court to pass upon a question not assigned as error?**

Frederick Mix brought action in the Columbiana Common Pleas for damages and an injunction against the Sterling Coal Company, Limited. Said Company owned the coal beneath the surface of a farm owned by Mix, by reason of a lease from one of Mix's predecessors in title. Since all the coal had been removed, the water from the mine was being pumped to the surface. Mix based his claim and prayer upon the fact that the water from said mine damaged his land and it was also injurious to his cattle which pastured on the land through which the creek containing the mine water, flowed.

The Common Pleas ruled the case was one in equity and refused Mix a jury, although one was demanded, and dismissed the petition. Mix carried the case to the Court of Appeals, both on error and appeal which court dismissed the appeal and entertained the error proceedings.

The Sterling Co. alleges that it offered to introduce its lease (in regards to rights surrounding the ownership of the mine) into lower court for construction, but was met with refusal by that court. The Court of Appeals found for Mix. After the Sterling Co. was aware that the appeals intended to reverse the case because of the denial of a jury to Mix, it asked the court to examine the base and interpret it, which it refused to do.

It seems that the Coal Co. contends that the Court of Appeals erred in reversing the case, solely on the ground that Mix was denied a jury in the trial court. Mix claims that the action of the Court of Appeals in not construing the lease was not erroneous, as claimed by the Coal Co., for had it done so it would have passed upon a moot question, and in the event of a retrial the trial could would be bound by the construction placed upon the lease by the interpretation of the Court of Appeals. The Coal Company presents this question for consideration:

Can the Court of Appeals, when a case is pending before it, upon a petition in error, find that the trial court committed an error in ruling upon one motion, and then refuse to examine in any way, shape, or form, the bill of exceptions, and reverse the case on the ground that substantial justice was not done in the trial court?

Mix contends the following is the real question before the Supreme Court: Is it incumbent upon the Court of Appeals after it discovers reversible error in the record to pass upon a question submitted by the adverse party to said error proceedings and not assigned as error?

Attorneys—C. S. Speaker, G. F. Farrell, Lisbon, and Squire, Saunders & Dempsey, Cleveland, for Coal Company; Metzger & McCarthy, Salem, for Mix.